IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BYRON MINO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:16-CV-2661-M (BT) |
| | § | |
| SELECT PORTFOLIO SERVICING, | § | |
| INC., and DEUTSCHE BANK | § | |
| NATIONAL TRUST CO., Trustee | § | |
| for Morgan Stanley ABS | § | |
| Capital I Trust 2007-NC1, | § | |
| Mortgage Pass-Through | § | |
| Certificates, Series 2007-NC1, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Rule 41(b) Motion for Involuntary Dismissal filed by Defendants Select Portfolio Servicing, Inc. and Deutsche Bank National Trust Company, Trustee for Morgan Stanley ABS Capital I Trust 2007-NC1, Mortgage Pass-Through Certificates, Series 2007-NC1 [ECF No. 25]. As set forth below, the Court finds that Plaintiff Byron Mino has engaged in a pattern of delay and contumacious conduct and has willfully failed to prosecute this action, which has resulted in actual prejudice to Defendants. Accordingly, the Court recommends that Defendants' motion be GRANTED, and Plaintiff's claims and causes of action be DISMISSED with prejudice.

1

Plaintiff filed this civil action on September 6, 2016, to prevent the foreclosure sale of his residence in Coppell, Texas. *See* Orig. Pet. [ECF No. 1-5]. Plaintiff originally filed his lawsuit in state district court in Dallas County, and Defendants timely removed to federal court on the basis of diversity jurisdiction. *See* Orig. Pet. The Court entered a scheduling order on November 7, 2016, establishing August 31, 2017 as the discovery deadline. *See* Order [ECF No. 6]. Thereafter, Defendants filed three motions to extend the discovery deadline, and two motions for leave to depose Plaintiff outside the discovery deadline. *See* Mots. [ECF Nos. 10, 12, 14, 16, 18]. Because Plaintiff did not object, the Court granted all of the motions.

Each motion to extend the discovery deadline represented that Defendants had served written discovery, and had repeatedly requested dates to depose Plaintiff, but Plaintiff had not provided any dates for his deposition, nor did he serve responses to the written discovery requests. *See* Mots. [ECF No. 10, 12, 14, 16, 18]. The motions also represented that Plaintiff's counsel had been unresponsive to defense counsel's attempts to confer before filing the motions or otherwise unavailable to discuss the relief sought. *See id.* On November 17, 2017, the then-current deadline to complete discovery, Defendants filed a motion for leave to conduct Plaintiff's deposition outside of discovery. *See* Mot. [ECF No. 16]. Defendants explained that Plaintiff had committed to responding to their discovery requests, by the date of the motion – November 17, 2017 – and to sit for a deposition on December 7, 2017. *See id.* However, on December 6, 2017,

Defendants filed a second motion for leave to conduct Plaintiff's deposition outside of discovery, explaining that, despite Plaintiff's earlier commitment, Plaintiff still had not served interrogatory responses and had not produced a copy of an audio recording he apparently relied upon in making his claims. *See* Mot. [ECF No. 18]. Plaintiff's counsel also indicated to Defendants that he had a conflict on December 7, 2017, that would affect his availability to defend the deposition. *See id.* Defendants represented in the Certificate of Conference on the second motion for leave to conduct Plaintiff's deposition outside of discovery that they attempted to confer with Plaintiff's counsel regarding the motion, but Plaintiff's counsel did not respond. *See id.* On January 24, 2018, Defendants filed a Motion to Compel Plaintiff to respond to their written discovery requests and to depose Plaintiff. *See* Mot. [ECF No. 20]. Plaintiff never filed a response to Defendants' Motion to Compel.

On March 31, 2018, Defendants filed the Rule 41(b) Motion for Involuntary Dismissal. *See* Mot. [ECF No. 25]. By their motion, Defendants argue that, despite their efforts to urge Plaintiff to prosecute his own case, Plaintiff has repeatedly failed to communicate with Defendants and has failed to comply with deadlines imposed by the Court and the federal rules. *See* Mot. 3. Defendants submit the email correspondence between Plaintiff's counsel and defense counsel demonstrating Defendants' repeated efforts to obtain the outstanding discovery, to no avail, despite warnings that Defendants would seek sanctions, including

dismissal for Plaintiff's failure to prosecute. *See* Mot. 4; Defs.' App. 12-16 [ECF No. 26].

Defendants further inform the Court that Plaintiff previously filed a lawsuit against Defendants that was almost identical to the present case, and wherein Plaintiff demonstrated a similar pattern of neglect. *See* Mot. 2 (citing *Mino v. Select Portfolio Servicing, Inc.*, No 3:14-CV-765-G). That lawsuit was ultimately dismissed by another District Judge for the Northern District of Texas based on Plaintiff's failure to prosecute. *See* Mot. 2; Defs.' App. 2. Defendants explain that, in that lawsuit, the District Judge ordered the parties to file a joint status report, but Plaintiff failed to coordinate the conference, even though it was Plaintiff's responsibility to do so. *See* Mot. 3. Defendants state that they ultimately filed a separate report, but Plaintiff never filed a report. *See* Mot. 3. As a consequence, the District Judge dismissed Plaintiff's claims without prejudice, pursuant to Rule 41(b) for Plaintiff's failure to prosecute. *See* Defs.' App. 2.

In view of these circumstances, the Court set a hearing on Defendants' Motions to Dismiss and to Compel for April 11, 2018, and Plaintiff and his counsel were ordered to attend the hearing in person. *See* Order [ECF No. 27]. Plaintiff was further ordered to file a response to Defendants' Motion to Dismiss by April 6, 2018. *See* Order. Plaintiff failed to file the response, and Plaintiff and his counsel failed to attend the April 11, 2018 hearing. Furthermore, neither Plaintiff's counsel, nor the Plaintiff himself, communicated to the Court in advance of the hearing that they would not attend. Therefore, the Court, by

4

separate orders, granted Defendants' Motion to Compel and directed Plaintiff's counsel to show cause why he should not be sanctioned for failing to comply with the Court's order.

Fed. R. Civ. P. 41(b) allows the Court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Hickerson v. Christian*, 283 F. App'x 251, 253 (5th Cir. 2008) ("A district court may *sua sponte* dismiss an action for failure to prosecute under Rule 41(b).") (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 626 (1962)). The dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Id.* at 880 (citing *Burden v. Yates*, 644 F.2d 503 (5th Cir. 1981)).

In this case, the record provides clear evidence of a pattern of neglect by Plaintiff with respect to prosecuting claims against Defendants. Plaintiff has repeatedly failed to respond to discovery requests and appear for his deposition.

5

Plaintiff also failed to respond to Defendants' Motion to Compel or their Motion to Dismiss. With respect to the Motion to Dismiss, Plaintiff ignored a specific Order to file a response to the motion. Plaintiff also willfully disregarded a Court Order to appear for a hearing on the Motion to Dismiss, and failed to contact the Court in advance of the hearing regarding his absence. Dismissal is clearly warranted under these circumstances.

Additionally, it is appropriate to dismiss Plaintiff's claims with prejudice. Plaintiff is responsible for his own contumacious conduct stalling these proceedings and ignoring the Court's Order to appear in person for a hearing on the Motion to Dismiss. Also, as Defendants argue, Plaintiff's failure to prosecute unfairly prejudices Defendants by preventing them from collecting a debt to which they are entitled, or from proceeding against the collateral securing the debt. *See* Mot. 2. The Court has considered lesser sanctions. However, Plaintiff has previously had his claims dismissed without prejudice in the prior case before a different District Judge in this District. Plaintiff's pattern of behavior demonstrates that he will not be moved to prosecute this case by any efforts by the Court or Defendants. Accordingly, dismissal with prejudice is appropriate.

## RECOMMENDATION

For the reasons stated, the District Court should **GRANT** Defendants' Motion to Dismiss [ECF No. 25], and **DISMISS** this case **with prejudice** for Plaintiff's failure to prosecute, because Plaintiff engaged in contumacious

conduct, and the record reflects that the Court has employed lesser sanctions prior to recommending dismissal with prejudice.

**SO RECOMMENDED**.

April 12, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions and recommendation. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).